IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | |
| v. | Case No. 16-2816-JAR-JPO |
| **JOEL JEROME TUCKER**, individually and as an officer of SQ Capital, LLC, JT Holdings, Inc., and HPD, LLC, **SQ CAPITAL, LLC, JT HOLDINGS, INC.,** and **HPD LLC,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Federal Trade Commission's Motion to Enforce Preliminary Injunction (Doc. 23) and the Court's Order to Show Cause (Doc. 25) why Defendants should not be held in contempt for failure to comply with the Preliminary Injunction. The Court held a hearing on Plaintiff's motion and the Court's Order to Show Cause on February 22, 2017. For the reasons explained below, the Court finds Defendants in civil contempt of court and imposes additional deadlines to compel Defendant Joel Tucker's compliance with the previously issued Preliminary Injunction (Doc. 21). The Court further finds that unless Defendant Tucker fully complies with the deadlines set forth below, he shall be confined until such time as he comes into compliance.

### I.   Procedural Background

On December 22, 2017, the Court entered a Temporary Restraining Order ("TRO") that prohibited Defendants from marketing, distributing, or selling counterfeit debt portfolios.[1] The

---
[1] Doc. 18.

1

TRO also required Defendants and third parties in possession of Defendants' accounts and data to preserve records and electronic data that could show the extent of Defendants' distribution of fake debt.[2]  The TRO also directed Defendants to provide both (a) an accounting that listed details on each of Defendants' debt portfolio sales since June 1, 2014; and (b) an affidavit showing that Defendants had distributed the TRO to directors, officers, employees, managers, and entities with records regarding Defendants' debt portfolio sales.[3]  The TRO ordered Defendants to provide the accounting and distribution affidavit *before* the hearing on whether the Court should enter a preliminary injunction, set for January 6, 2017.

Defendants provided neither the accounting nor the distribution affidavit.  On January 6, 2017, Defendant Tucker was the only Defendant to appear at the preliminary hearing, and he appeared *pro se*.[4]  He stated he did not oppose entry of a preliminary injunction after the FTC agreed to relax its proposed deadline—until January 13—for Defendants to comply with production of the accounting and distribution affidavit.[5]  Defendant Tucker also reported that he was seeking an attorney to represent Defendants SQ Capital, LLC, JT Holding, Inc., and HPD, LLC.[6]  The Court granted the Preliminary Injunction against Defendant Tucker and the three business entities.

The Preliminary Injunction requires that Defendants provide the accounting they failed to deliver in response to the TRO.[7]  The Preliminary Injunction states that the accounting must

---

[2]*Id.*

[3]*Id.*

[4]Doc. 20.

[5]Doc. 21 at 1.

[6]*Id.*

[7]*Id.* at 7.

cover all Debt Portfolios that Defendants, their subsidiaries, officers, agents or employees have distributed, sold or acquired since June 1, 2014, and report the following details:

A.  The filenames, titles or other descriptions of each Debt Portfolio;
B.  The location(s) where each Debt Portfolio is stored and any username or password required to access any computer or electronic files, including but not limited to information stored, hosted or otherwise maintained by an Electronic Data Host;
C.  Any compensation related to the distribution, sale or acquisition of each Debt Portfolio;
D.  The full names, addresses and telephone numbers of the purchasers of each Debt Portfolio;
E.  The full names, addresses and telephone numbers of the Person(s) that provided all or part of the records in each Debt Portfolio;
F.  The full names, addresses and telephone numbers of the Person(s) that issued or originated debts described in each Debt Portfolio;
G.  The full names, addresses and telephone numbers of any Person(s) that ever held or transferred title to the debts described in each Debt Portfolio;
H.  The full names, addresses and telephone numbers of any Electronic Data Host that was used to store, host, or otherwise maintain each Debt Portfolio; and
I.  The full names, addresses and telephone numbers of any Financial Institution that processed payments related to the sale or acquisition of each Debt Portfolio.[8]

The Preliminary Injunction also requires that Defendants and third parties preserve records and electronically stored data. To implement this preservation, the Preliminary Injunction requires Defendants to provide an affidavit regarding distribution of the order in which they identify, by name, the individuals and entities that are subject to these obligations and attest that Defendants have notified the individuals and entities of the Preliminary injunction.

On January 27, 2017, Plaintiff filed a Motion to Enforce Preliminary Injunction and a Motion to Expedite Hearing on Plaintiff's Motion to Enforce the Preliminary Injunction.[9] On January 30, 2017, the Court issued a Notice and Order to Show Cause why Defendants should

---

[8] *Id.*

[9] Docs. 22 & 23.

3

not be held in contempt for failure to comply with the Preliminary Injunction.[10]  The Court set a show cause hearing for February 9, 2017.[11]  At the February 9 show cause hearing, Defendant Tucker again appeared *pro se* and acknowledged that he had not fully complied with the production requirements outlined in the Preliminary Injunction.  The Court explained it would give Defendants one more chance to comply with the Preliminary Injunction before finding Defendants in contempt.  Thus, the Court continued the show cause hearing to February 22, 2017.  At the February 22 hearing, Defendant Tucker again appeared *pro se* as the lone Defendant, and acknowledged that he had not fully complied with the production requirements outlined in the Preliminary Injunction.

**II.   Discussion**

28 U.S.C. § 1826(a) provides, in part,

> whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information.

18 U.S.C. § 401 further provides, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, order, rule, decree, or command."  The Tenth Circuit has explained that

> in the civil contempt context, a plaintiff must prove liability by clear and convincing evidence.  This means the FTC "has the burden of proving, by clear and convincing evidence, [1] that a valid order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order."[12]

---

[10]Doc. 25.

[11]*Id.*

[12]*F.T.C. v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (internal citations omitted).

4

The Court finds that Plaintiff has presented clear and convincing evidence that the Preliminary Injunction is a valid order, that Defendants had knowledge of the order, and that Defendants disobeyed the order.  Indeed, Defendant Tucker has acknowledged multiple times the existence of the Preliminary Injunction and his non-compliance with the same.  Accordingly, the Court finds Defendants in civil contempt of the Preliminary Injunction.

As explained at the February 22, 2017, hearing, the Court sets the following deadlines for Defendants' compliance:

1) Defendant Tucker shall provide to the Court by no later than 4 p.m. on Friday, February 24, 2017, a flash drive containing all information stored on the email server located in Kansas City, which Defendant Tucker described at the February 22, 2017 hearing.

2) Defendant Tucker shall provide to the Court by no later than 4 p.m. on Monday, March 13, 2017, a flash drive containing all information stored on the email server located in Louisville, Colorado, which Defendant Tucker described at the February 22, 2017 hearing.

3) Defendant Tucker shall provide to Plaintiff's counsel Michael Tankersley, by no later than March 13, 2017, a report that fully complies with the requirements set forth in the Accounting for Debt Portfolios and Chains of Title Section of the Preliminary Injunction.[13]

The Court will hold a hearing on March 16, 2017, at 9:00 a.m. to determine whether Defendants have complied with the requirements and deadlines set forth above, unless the Court receives

---

[13] Doc. 21 at 7–8.

notice at an earlier time from Plaintiff that Defendants have fully complied with these requirements.

The Court further finds that monetary penalties will not sufficiently compel Defendants' compliance with the Preliminary Injunction, as Plaintiffs already seek monetary penalties as final relief in this case.[14]  Instead, if the Court determines at the March 16, 2017 hearing that Defendants have not fully complied with the Preliminary Injunction and the requirements set forth above, the Court will direct the United States Marshals Service to take custody of Defendant Tucker and place him in confinement pursuant to 28 U.S.C. § 1826(a) and 18 U.S.C. § 401, and refer this matter to the United States Attorney's Office for the District of Kansas for determination whether to initiate criminal contempt proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Federal Trade Commission's Motion to Enforce Preliminary Injunction (Doc. 23) is **granted in part**. Defendants **are held in contempt of the Court** for their failure to comply with the Preliminary Injunction (Doc. 21).

**IT IS FURTHER ORDERED BY THE COURT that Defendant Joel Tucker shall (1) provide to the Court by no later than 4 p.m. on Friday, February 24, 2017,** a flash drive containing all information stored on the email server located in Kansas City, which was described by Defendant Tucker at the February 22, 2017 hearing; **(2) provide to the Court by no later than 4 p.m. on Monday, March 13, 2017,** a flash drive containing all information stored on the email server located in Louisville, Colorado, which was described by Defendant Tucker at the February 22, 2017 hearing; and **(3) provide to Plaintiff's counsel Michael Tankersley, by no later than March 13, 2017,** a report that fully complies with the

---

[14] Doc. 1 at 7–8.

6

requirements set forth in the Accounting for Debt Portfolios and Chains of Title Section of the Preliminary Injunction.

**IT IS FURTHER ORDERED BY THE COURT** that the Court will hold a hearing on **March 16, 2017, at 9:00 a.m.** to determine whether Defendant Joel Tucker has complied with the requirements and deadlines set forth in the paragraph above.  If the Court determines that Defendant has not fully complied with the Preliminary Injunction and the requirements set forth above, the Court will direct the United States Marshals Service to take custody of Defendant Tucker and place him in confinement pursuant to 28 U.S.C. § 1826(a) and 18 U.S.C. § 401, and refer this matter to the United States Attorney's Office for the District of Kansas for a determination whether to bring criminal contempt proceedings.

**IT IS SO ORDERED.**

Dated: February 23, 2017

                                    S/ Julie A. Robinson
                                    JULIE A. ROBINSON
                                    UNITED STATES DISTRICT JUDGE