UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br>        Plaintiff, <br><br> v. <br><br> JOEL JEROME TUCKER, individually and as an officer of SQ Capital, LLC, JT Holdings, Inc., and HPD LLC, <br><br> SQ CAPITAL, LLC, a corporation, <br><br> JT HOLDINGS, INC., a corporation, <br><br>        and <br><br> HPD LLC, a corporation, <br><br>        Defendants. | CASE NO. 2:16-CV-02816-JAR-JPO <br><br> **DEFAULT JUDGMENT** |

Plaintiff Federal Trade Commission ("FTC") has filed a complaint seeking a permanent injunction and other equitable relief, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), and has filed a Motion for Entry of Default Judgment against all Defendants in this action. Upon consideration of the Complaint, Plaintiff's memorandum in support of default judgment, Defendants' Opposition, and the record in this matter, and following a hearing on the FTC's Motion pursuant to Federal Rule of Civil Procedure 55(b)(2) on September 20, 2017,

**IT IS HEREBY ORDERED** that the FTC's Motion is **GRANTED**, and the Court issues the following default judgment with injunctive relief and a monetary judgment resolving the claims against all Defendants in this action.

**FINDINGS OF FACT**

1.      This Court has jurisdiction over the subject matter of this case and over all the parties hereto pursuant to 15 U.S.C. §§ 45, 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

2.      Venue in the District of Kansas is proper as to Defendants.

3.      Defendants' activities are in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4.      The Complaint states claims upon which relief may be granted against Defendants under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 53(b).

5.      Defendants have received proper process and service of process as required by Rule 4 of the Federal Rules of Civil Procedure.

6.      Following a hearing on December 22, 2016, this Court issued a temporary restraining order against Defendants and ordered Defendants to appear on January 6, 2017, at 9:00 am to show cause, if there be, why this Court should not enter a preliminary injunction.

7.      On January 6, 2017, defendant Joel Tucker appeared *pro se* and did not oppose entry of a preliminary injunction.  On January 6, 2017, this Court entered a preliminary injunction that, among other things, required Defendants to provide an accounting of debt sales.  ECF No. 21. Defendant Tucker subsequently appeared at three hearings regarding contempt of the preliminary injunction, on February 9 and 23, and March 16, 2017.  ECF No. 28; ECF No. 34; ECF No. 39. On February 23, 2017, the Court found Defendants in contempt of the preliminary injunction and directed Defendant Tucker to comply by providing a report on debt portfolios and chains of title. ECF No. 33.  On March 15, 2017, Defendant Tucker provided an accounting with some of the materials ordered.  ECF No. 39.

8.      Defendants have failed to file an answer to the Complaint or to otherwise defend the claims in the Complaint.  The Clerk of the Court properly entered defaults against all Defendants on March 31, 2017.  ECF No. 44.

9.      Because of Defendants' default, the factual allegations in the Complaint are taken as true. As alleged in the Complaint, beginning in 2014 and continuing into 2016, Defendants marketed, distributed and sold counterfeit debt portfolios that purported to represent loans made by a variety of purported originators, including "500fastcash.com" and "Castle Peak." In connection with the marketing, distribution, and sale of these purported payday loan debt portfolios, Defendants represented, directly or indirectly, expressly or by implication, that consumers listed in those portfolios owe unpaid payday loan debts, and that those who obtain the portfolios through Defendants have the right to collect debts listed in the portfolios. As alleged in Count I, by these actions, Defendants placed in the hands of debt collectors the means and instrumentalities by and through which they may mislead consumers regarding their debt obligations. As alleged in Count II of the Complaint, Defendants' actions in distributing and selling counterfeit debt portfolios have caused or are likely to have caused substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by countervailing benefits to consumers or competition. Defendants' actions constitute unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a).

10.     The summaries of financial records that accompany the FTC's motion for default judgment show that Defendants received net payments from buyers of the counterfeit debt portfolios that total, after deducting refunds or other payments back to the buyers, at least $4,161,827. Defendants have been unjustly enriched in that amount.

11.     Absent a permanent injunction, it is a reasonable likelihood that Defendants will continue to engage in the unlawful conduct alleged in the Complaint or similar misconduct. Defendants' misconduct presents a proper case for permanent injunctive relief under 15 U.S.C. § 53(b), and an injunction to prevent future misconduct by Defendant is in the public interest.

12.     Defendants' scheme to market counterfeit debt portfolios was deliberate, and caused serious and widespread harm.  It involved elaborate planning, the creation of false documents, and multiple sales transactions to several buyers over a three-year period.  Defendant Tucker's repeated misconduct and orchestration of counterfeit debt transactions indicates that he is unlikely to be able to operate lawfully in businesses involving the sale of debt or sensitive consumer account information.

13.     As alleged in the Complaint, Defendants have operated as a common enterprise under the control of Defendant Joel Tucker.  Because Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged in the Complaint.

## DEFINITIONS

The following definitions apply to the injunctive provisions below.

A.      "**Corporate Defendants**" means SQ Capital, LLC, JT Holdings, Inc., and HPD LLC, and their successors, and assigns.

B.      "**Defendants**" means Joel Tucker and all of the Corporate Defendants, individually, collectively, or in any combination.

C.      "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, association, cooperative, or any other group or combination acting as an entity.

D.      **"Consumer Information"** means any of the following about an individual consumer: (a) information about any debt, including any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment; (b) a Social Security number or Tax Identification Number; (c) financial institution account number; (d) credit or debit card information; or (e) any information by which a

consumer's financial account can be accessed, or by which a consumer might be charged for goods or services.

## ORDER

### I.      BAN ON DISCLOSURE OF CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that

A.      Corporate Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from selling, buying, marketing, transferring, or disclosing Consumer Information; and

B.      Defendant Joel Tucker, whether acting directly or through an intermediary, is permanently restrained and enjoined from selling, buying, marketing, transferring, or disclosing Consumer Information (other than information about Defendant Tucker and his family) to any Person, unless the transfer or disclosure is necessary to (i) process payment for any product or service sold directly by Defendant Tucker or his employer to that consumer with the consumer's express, informed consent for that sale and method of payment; (ii) process payment for a transaction between Defendant Tucker or his employer and an employee, contractor, or supplier with the employer's, contractor's, or supplier's express informed consent; or (iii) comply with a law, regulation, court order, or request of a government agency.

### II.     PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.      the identity, originator, title, ownership, validity or enforceability of a debt;

B.      that a consumer has authorized or otherwise consented to the purchase of a product or

        service; and

C.      any other fact material to consumers concerning any good or service, such as: the total

        costs; any material restrictions, limitations, or conditions; or any material aspect of its

        performance, efficacy, nature, or central characteristics.

## III.      MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that a judgment in the amount of Four Million One Hundred

Sixty-One Thousand Eight Hundred Twenty-Seven Dollars ($4,161,827) is entered in favor of

the Commission against Defendants, jointly and severally, as equitable monetary relief.  All

money paid to the Commission pursuant to this Order may be deposited into the U.S. Treasury as

disgorgement.

## IV.      DISPOSAL OF PERSONAL INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and

attorneys, and all other persons in active concert or participation with any of them, who receive

actual notice of this Order, whether acting directly or through an intermediary, are permanently

restrained and enjoined from:

A.      disclosing, using, or benefitting from a name, address, telephone number, email address,

        Consumer Information, or other identifying information in the files identified in

        Defendant Tucker's accounting, entitled "Preliminary Injunction Accounting and Chain

        of Title Document" (ECF No. 50-2, page 4-5), or other personally identifying

        information that Defendants used in connection with the offering or sale of debt; and

B.      failing to, within five days after entry of this Order, destroy such personally identifying

        information.  Defendants must dispose of any and all copies of such information in their

        possession, custody or control, regardless of form or format, and must destroy the records

by means to ensure that the customer information cannot practicably be read or

reconstructed.

*Provided, however,* this Order does not require disposal or disclosure of information that is

subject to an outstanding request by a government agency, or to the extent that disposal is

contrary to a law, regulation, or court order.

## V.      ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this

Order:

A.      Each Defendant, within 7 days of receipt of this Order, must submit to the Commission

an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 5 years after entry of this Order, Defendant Joel Tucker, for any business in which he

is the majority owner or controls directly or indirectly, must deliver a copy of this Order

to:  (1) all principals, officers, directors, and LLC managers and members; (2) all

employees, agents, and representatives who participate in sales of goods or services; (3)

any business entity resulting from any change in structure as set forth in the Section titled

Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for

current personnel.  For all others, delivery must occur before they assume their

responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that

Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of

this Order.

## VI.      COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.   Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.   Additionally, Defendant Tucker must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.   Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, Defendant Tucker must report any change in:  (a) name, including aliases

or fictitious name, or residence address; or (b) title or role in any business activity, including

any business for which such Defendant performs services whether as an employee or

otherwise and any entity in which such Defendant has any ownership interest, and identify

the name, physical address, and any Internet address of the business or entity.

C.   Each Defendant must submit to the Commission notice of the filing of any bankruptcy

petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14

days of its filing.

D.   Any submission to the Commission required by this Order to be sworn under penalty of

perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I

declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full

name, title (if applicable), and signature.

E.   Unless otherwise directed by a Commission representative in writing, all submissions to

the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight

courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of

Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington,

DC  20580.  The subject line must begin:  *FTC v. Joel Tucker*, No. 2:16-CV-02816 (X170011).

## VII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after

entry of the Order, and retain each such record for 5 years.  Specifically, Defendant Tucker, for

any business that he, individually or collectively with any other Defendants, is a majority owner

or controls directly or indirectly, must create and retain the following records:

A.       accounting records showing the revenues from all goods or services sold;

B.       personnel records showing, for each person providing services, whether as an employee

or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

C.       records of all consumer complaints and refund requests, whether received directly or

indirectly, such as through a third party, and any response;

D.       all records necessary to demonstrate full compliance with each provision of this Order,

including all submissions to the Commission; and

E.       a copy of each unique advertisement or other marketing material.

## VIII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with

this Order:

A.       Within 14 days of receipt of a written request from a representative of the Commission,

each Defendant must:  submit additional compliance reports or other requested

information, which must be sworn under penalty of perjury; appear for depositions; and

produce documents for inspection and copying.  The Commission also authorized to

obtain discovery, without further leave of court, using any of the procedures prescribed

by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34,

36, 45, and 69.

B.        For matters concerning this Order, the Commission authorized to communicate directly

with each Defendant.  Defendant must permit representatives of the Commission to

interview any employee or other person affiliated with any Defendant who has agreed to

such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its

representatives as consumers, suppliers, or other individuals or entities, to Defendants or

any individual or entity affiliated with Defendants, without the necessity of identification

or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory

process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**IT IS SO ORDERED**, this 20th day of September, 2017.

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE